IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00451-WYD-CBS

MARY J. TURTON,

      Plaintiff,

v.

DIRK KEMPTHORNE, SECRETARY, UNITED STATES DEPARTMENT OF THE
INTERIOR,

      Defendant.
_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Counterclaim

filed July 19, 2006.  Defendant filed a Response to Plaintiff's Motion to Dismiss on

August 8, 2006, and Plaintiff filed a Reply on August 22, 2006.  Plaintiff's motion seeks

to dismiss Defendant's counterclaim for unjust enrichment.

      In his Counterclaim, Defendant asserts that the United States Department of the

Interior is entitled to all monies and benefits awarded to Plaintiff in connection with

Plaintiff's previous Equal Employment Opportunity ("EEO") administrative action prior to

de novo review by this Court.  Specifically, Defendant alleges that Plaintiff's failure to

return all monies and benefits awarded in connection with her previous EEO action

constitute unjust enrichment as the circumstances will avail Plaintiff of an opportunity

for double recovery.  Plaintiff asserts in her motion to dismiss that Defendant's claim for

unjust enrichment must be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

II.    FACTUAL BACKGROUND

The United States Department of Interior ["the DOI"] employed Plaintiff since

1984.  (Pl.'s Am. Compl. at 1, ¶¶ 1–2.)  On August 26, 1998, Plaintiff filed her initial

EEO complaint, alleging hostile work environment, sexual harassment, and retaliation.

(Pl.'s Am.  Compl. at 2, ¶¶ 6–7.)  The presiding Administrative Judge consolidated

Plaintiff's action with a similar action filed by Plaintiff's co-worker Patricia B. Kann

["Ms. Kann"].  (Def.'s Countercl. at 12, ¶ 5; Pl.'s Mot. at 3, ¶ 9.)  On December 2, 2004,

the Administrative Judge issued a ruling in favor of Plaintiff and co-complainant,

Ms. Kann.  (Pl.'s Am. Compl. at 2, ¶ 9; Def.'s Countercl. at 12, ¶ 6; Def.'s Resp. at 3–6.)

Pursuant to his ruling, the Administrative Judge jointly awarded Plaintiff and Ms. Kann

$300,000.00 in compensatory damages and $102,903.06 in attorney fees and costs.

(Def.'s Countercl. at 12, ¶ 6; Pl.'s Mot. at 3, ¶ 9; Def.'s Resp. at 3–6.)

The DOI subsequently appealed the decision to the Equal Employment and

Opportunity Commission's Office of Federal Operations ("the OFO").  (Def.'s Countercl.

at 13, ¶ 8; Pl.'s Mot. at 4, ¶ 10.)  On September 28, 2005, the OFO reduced both

Plaintiff and Ms. Kann's compensatory awards to $110,000.00 and $100,000.00

respectively.  (Def.'s Countercl. at 13, ¶¶ 9–10.)  However, the OFO did not alter the

Administrative Judge's original joint award of fees and costs totaling $102,903.06.  *Id.*

Plaintiff and Ms. Kann requested reconsideration as to the reduction in their

compensatory awards.  On December 16, 2006, the OFO denied their request for

reconsideration and issued a final judgment.  (Pl.'s Am. Compl. at 2, ¶¶ 12–13; Def.'s Countercl. at 13, ¶¶ 12–15; Pl.'s Mot. at 4, ¶ 11.)  The OFO's final judgment confirmed Plaintiff's award of $110,000.00 in compensatory damages and joint award of $102,903.06 for fees and costs less any amount paid for fees to Plaintiff's co-complainant Ms. Kann.  (Def.'s Countercl. at 13, ¶13.)  In addition, the OFO affirmed the Administrative Judge's award and credit to Plaintiff for 150 hours of annual leave and 150 hours for sick leave.  (Def.'s Countercl. at 13, ¶¶ 10–15; Pl.'s Mot. at 4, ¶ 11.)

Plaintiff filed the instant action on March 13, 2006, seeking de novo review. (Pl.'s Mot. at 1, ¶ 1.)  The Amended Complaint filed on April 25, 2006, alleges claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff's co-complainant Ms. Kann did not join Plaintiff in the instant action.  (Pl.'s Mot. at 14, ¶ 19.)  Prior to filing, on March 30, 2006, Plaintiff returned her $110,000.00 compensatory award.  (Def.'s Countercl. at 13, ¶ 16.)  However, Plaintiff retained her portion of the $102,903.06 awarded for attorney fees and costs as well as the 300 hours credited to Plaintiff for annual and sick leave.  (Def.'s Countercl. at 14, ¶¶ 17–18.)

Defendant filed an Answer and Counterclaim on June 19, 2006.  The Counterclaim alleges a claim of unjust enrichment; specifically, Defendant asserts that Plaintiff's failure to return all monies and benefits received pursuant to the EEO action constitutes unjust enrichment.  (Def.'s Countercl. at 14, ¶¶ 21–22; Def.'s Resp. at 2-3.) On July 19, 2006, Plaintiff filed her Motion to Dismiss Defendant's Counterclaim.

III.   ANALYSIS

    A.   Standard of Review

Plaintiff moves to dismiss Defendant's counterclaim pursuant to Rule 12(b)(6) for failure to state a claim for relief.  In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all well pleaded factual allegations in the [counterclaim] and view them in the light most favorable to the nonmoving party."  *Salt Lake Tribune Publ. Co., LLC v. Management Planning, Inc.*, 454 F.3d 1128, 1133 (10th Cir. 2006) (internal quotations omitted).  Dismissing a claim pursuant to a Rule 12(b)(6) motion is inappropriate "unless it appears beyond doubt that [the non-moving party] can prove no set of facts [sufficient to] support [its] claim which would entitle [it] to relief."  *Id.*; *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, 416.3d 1143, 1147 (10th Cir. 2005).

    B.   The Merits of Defendant's Counterclaim for Unjust Enrichment

Both parties agree that Colorado law controls Defendant's counterclaim for unjust enrichment.  (Pl.'s Mot. at 2, ¶¶ 4–8; Def.'s Resp. at 3 n. 1.)  Under Colorado law, an unjust enrichment claim requires that Defendant prove: (1) Plaintiff was unjustly enriched at Defendant's expense; (2) Plaintiff received a benefit; and (3) Plaintiff received a benefit under circumstances that would make it unjust for Plaintiff to retain the benefit without paying.  *Salzman v. Bachrach*, 996 P.2d 1263, 1266 (Colo. 2000); *Ciccarelli v. Guaranty Bank*, 99 P.3d 85, 89 (Colo. Ct. App. 2004).  Therefore, in reviewing Plaintiff's 12(b)(6) motion, I must determine whether the facts alleged by Defendant, if taken as true and viewed in the light most favorable to the Defendant, are sufficient to support the unjust enrichment claim.

-4-

I first address the issue of Plaintiff's retention of the attorney fees and costs awarded to her.  Plaintiff asserts that she did not a personal benefit by retaining the fees and costs and that she was not unjustly enriched at Defendant's expense.  Specifically, Plaintiff argues that "Defendant would have been required to pay the same amount in attorney fees even if none of the total was [sic] allocated to Plaintiff," and therefore, she did not receive any distinguishable personal benefit at Defendant's expense.  (Pl.'s Mot. at 5, ¶ 12.)  In making her assertion, Plaintiff relies on Ms. Kann's co-complainant status.  (Pl.'s Mot. at 3, ¶¶ 8–9,11; Pl.'s Reply at 1, ¶¶ 1–4.)  Plaintiff asserts that "the two complainants suffered the same harassment by the same harasser in the same workplace and complained at the same time to the same managers.  Their facts are inextricably intertwined.  They represent a single case."  (Pl.'s Reply at 4, ¶ 9.)  The Administrative Judge's opinion noted that "[Plaintiff] and [Ms.] Kann were represented by the same attorney" and that both parties litigated their actions together in one hearing.  *Turton*, EEOC File No. 320-A0-8224X, 2 n.2 (attached as Ex. A to Pl.'s Mot.).

Essentially, Plaintiff asserts that her action was "inextricably intertwined" with her co-complainant's action factually.  Further, she asserts that because the two shared an attorney in Plaintiff's previous EEO action, the Administrative Judge's joint award for fees and costs does not distinguish between Plaintiff and Ms. Kann in their individual capacities, *i.e.*, provide a personal benefit to Plaintiff.  (Pl.'s Mot. at 5, ¶ 11; Pl.'s Reply at 1, ¶¶ 2–3.)  Plaintiff contends "that the work necessary for the level of success achieved for both cases would have been virtually the same with only one

complainant." (Pl.'s Reply at 1, ¶ 2.) Consequently, Plaintiff asserts that the award for attorney fees and costs does not represent two separate awards, but instead a "joint and several award." (Pl.'s Mot. at 4, ¶¶ 11–12; 7, ¶ 18.)

However, for purposes of Plaintiff's 12(b)(6) motion, I must accept all allegations in the counterclaim as true and construe the same in the light most favorable to Defendant. *Salt Lake Tribune*, 454 F.3d at 1133. I find that Defendant has alleged facts which, if true, demonstrate that in retaining the amount awarded for fees and costs Plaintiff was unjustly enriched at Defendant's expense. Specifically, Defendant has alleged that Plaintiff received the award of fees and that she used those fees to pay her attorney in connection with the administrative case.

Further, Defendant asserts that the Administrative Judge's opinion both evidences Plaintiff's personal benefits and demonstrates that Plaintiff received the same at Defendant's expense. (Def.'s Resp. at 4.) Defendant specifically relies on the Administrative Judge's opinion which states, "Complainant is entitled to $102,893.06 in attorney fees and costs, *less any amount paid for attorneys [sic] fees and costs in the Kann case.*" *Turton v. Interior*, EEOC File No. 320-A0-8224X, 26, ¶ G (attached as Ex. A to Pl.'s Mot.) (emphasis added). Defendant argues that this language contemplates the Plaintiff in her individual capacity and, taken together with the itemized bill submitted by Plaintiff's counsel at the conclusion of Plaintiff's EEO hearing, indicate that Plaintiff received a personal benefit despite her joint representation with Ms. Kann. (Def.'s Resp. at 4; *Id.* at 25, ¶ B.) While Plaintiff disputes this, I must construe the evidence in he light most favorable to Defendant for purposes of the motion to dismiss.

Further, Defendant asserts that Plaintiff received a per se benefit from her representation in the EEO administrative action, as her representation by counsel functioned to exhaust her administrative remedies.  (Def.'s Resp. at 6 n. 2.)  The inference from Defendant's argument is that the award for attorney fees and costs not only discharged Plaintiff's obligation to compensate her attorney (a benefit), but also indirectly assisted Plaintiff in exhausting her administrative remedies which is a jurisdictional prerequisite to suit.  *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  Again, for purposes of the motion to dismiss, I find validity to this argument and conclude that Defendant has shown that Plaintiff received a benefit through the award of fees as it helped her fulfill the exhaustion requirement to this suit.

In addition, Defendant asserts that Plaintiff was unjustly enriched when Plaintiff did not return the 300 hours credited to her for annual leave and  sick leave.  (Def.'s Resp. at 5.)  Plaintiff claims that she "certainly need not 'relinquish'" the credited time and that "[the DOI] need only change its records to eradicate" the credited time.  (Pl.'s Mot. at 5, ¶ 11.)  However, I am not persuaded by Plaintiff's argument.  I agree with Defendant that in the absence of some evidence and/or guiding authority I cannot assume that the DOI could simply restructure its records and/or that it could alter the EEOC judge's original order awarding the leave.  (Def.'s Resp. at 5.)  Accordingly, I find for purposes of the Rule 12(b)(6) motion that Defendant has shown the receipt of sick and annual leave was a benefit to Plaintiff and that Plaintiff was unjustly enriched at Defendant's expense

As to prong three of the test, Defendant asserts that allowing the Plaintiff to keep her portion of the $102,903.06 awarded for attorney fees and costs as well as the 300 hours credited to Plaintiff for annual and sick leave would be unjust under the circumstances because the instant action would provide Plaintiff with an opportunity for double recovery.  I find validity to this argument.  *See, e.g., Ritchie v. Henderson*, 161 F. Supp. 2d 437, 451 (D. Pa. 2001) (stating, "[a] full trial de novo of course poses risks for a plaintiff, such as the one here, who has secured relief from the agency, but not as much as he wished.  He might lose everything in such a complete new trial.  The question is, can he have his cake and eat it too." (quoting *Simpkins v. Runyon*, 5 F. Supp. 2d 1347, 1349 (N.D. Ga. 1998))).  I am unpersuaded by Plaintiff's attempt to distinguish *Ritchie* from the instant action, and find that *Ritchie* contemplates the relief sought in the counterclaim.  Therefore, I find Defendant's allegation of double recovery is sufficient to support prong three of Defendant's unjust enrichment claim.

For the reasons stated herein, I find that Defendant has stated facts sufficient to support Defendant's counterclaim for unjust enrichment.  Plaintiff has failed to demonstrate "that there is no set of facts sufficient to support Defendant's claim for relief."  *Tonkovich*, 254 F.3d at 943; *Jojola*, 55 F.3d at 490.  Therefore, I deny Plaintiff's 12(b)(6) motion.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Dismiss Counterclaim is **DENIED**.

Dated:  December 11, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge